IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **BILLY JESS BARNARD,**  Defendant. | Case No. 6:14-cr-00017-MC  OPINION AND ORDER |

**MCSHANE, Judge**:

Defendant Billy Jess Barnard moves for compassionate release because of the rapidly evolving COVID-19 pandemic. Because Mr. Barnard remains a danger to the community, Mr. Barnard's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 50, is DENIED.

## LEGAL STANDARD

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1 – OPINION AND ORDER

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court also considers whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may therefore reduce Mr. Barnard's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that Mr. Barnard is no longer a danger to the community. *Bunnell*, 2019 WL 6114599, at *1.

## DISCUSSION

Mr. Barnard is serving a 120-month sentence with a projected release date of October 2, 2022. Def.'s Mot. to Reduce Sentence 2, ECF No. 50; Gov.'s Resp. to Def.'s Mot. 2, ECF No. 52. Mr. Barnard is incarcerated at FCI Mendota, a facility which has had over 60 staff and inmates test positive for COVID-19. *See generally COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/. Mr. Barnard is also only 34 years old and suffers from multiple health concerns, including obesity and asthma. Because of the ongoing COVID-19 pandemic and Mr. Barnard's underlying health conditions, he may have met the "extraordinary and compelling reasons" criteria. U.S.S.G. § 1B1.13, cmt. n.1(B).

But even if the Court were to assume that Mr. Barnard has met the extraordinary and compelling reasons criteria, Mr. Barnard has failed to demonstrate that he is no longer a danger to the community. When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019).

In December 2013, Mr. Barnard was arrested in a stolen vehicle after trying to flee. Supp. Report to the BOP ("Supp. Report") ¶ 15, ECF No. 44. During the arrest, police officers found a stolen firearm and methamphetamine. Supp. Report ¶ 15. Police officers also discovered multiple cell phones that had images and text messages from Mr. Barnard "talk[ing] about various firearms, trying to sell firearms, and bragging about going shooting." Gov.'s Resp. to Def.'s Mot. 2; Supp. Report ¶ 16. This was also not Mr. Barnard's first conviction. *See* Supp. Report ¶¶ 20–37. Mr. Barnard's prior convictions include theft in the first degree, strangulation, attempting to flee, assault in the fourth degree, and several drug possession convictions. Supp. Report ¶¶ 20–37. Ultimately, while the Court recognizes that Mr. Barnard has done well in custody, it is not enough to negate his criminal history.

Because of his long and often violent criminal history, the 18 U.S.C. § 3142(g) factors weigh against Mr. Barnard. The Court thus finds that Mr. Barnard remains a danger to the community.

## CONCLUSION

Mr. Barnard's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 50, is DENIED.

IT IS SO ORDERED.

DATED this 10th day of February, 2021.

    __s/Michael J. McShane_____ _____
Michael J. McShane
United States District Judge